**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| **E.R.R. LLC, EVERGREEN RESOURCE RECOVERY LLC, and HUGH NUNGESSER, JR.,** | ) ) ) ) |
| Defendants. | ) ) ) |

# COMPLAINT

The United States of America, acting at the request of the United States Coast Guard, files this Complaint and alleges the following:

## NATURE OF THIS ACTION

1. The United States seeks repayment by defendants E.R.R. LLC, Evergreen Resource Recovery LLC, and Hugh Nungesser, Jr. (collectively, "Defendants"), as jointly and severally liable responsible parties under Section 1002(a) of the Oil Pollution Act ("OPA"), 33 U.S.C. § 2702(a), of over $632,000 in costs paid by the Oil Spill Liability Trust Fund (the "Fund") for a removal action following a May 2015 oil spill (the "Incident") from Defendants' oily wastewater storage and treatment facility located along the Mississippi River at mile marker 74 in Belle Chasse, Louisiana (the "Facility"). In addition, in the alternative, the United States seeks repayment, pursuant to its subrogation rights under OPA Sections 1012 and 1015, 33 U.S.C. §§ 2712 and 2715, from Defendants, of these same removal costs paid by the Fund to

Oil Mop, LLC, a Coast Guard-certified Oil Spill Removal Organization ("OSRO"), for its uncompensated oil-spill removal costs incurred under a contractual agreement with Defendants relating to the Incident.

2. The United States seeks a judgment against Defendants, jointly and severally, for $632,262.49, and all costs incurred by the Fund by reason of this claim, including interest (including prejudgment interest), administrative and adjudicative costs, and attorney's fees, and any other relief that may be appropriate.

## JURISDICTION AND VENUE

3. This court has jurisdiction over the subject matter of this action and over the parties pursuant to Section 1017(b) of OPA, 33 U.S.C. § 2717(b), and 28 U.S.C. §§ 1331 and 1345.

4. Authority to bring this action is vested in the United States Department of Justice by 28 U.S.C. §§ 516 and 519.

5. Venue is proper in this District pursuant to Section 1017(b) of OPA, 33 U.S.C. § 2717(b), and 28 U.S.C. § 1391(b), because it is the judicial district in which Defendants are located and in which the discharge and the resulting response actions occurred.

## DEFENDANTS

6. Defendant E.R.R. LLC is a Louisiana limited liability company with its principal place of business in Belle Chasse, Louisiana. The managing members are Hugh Nungesser, Jr. and Andrew Frisard. E.R.R. LLC is also known as, and at the time of the Incident was also doing business as, Evergreen Resource Recovery LLC. E.R.R. LLC is and was the owner and an

operator of the Facility at the time of the Incident. The Facility is located at 9875 Highway 23 South in Belle Chasse, Louisiana, at mile marker 74 on the Mississippi River.

7. Defendant Evergreen Resource Recovery LLC is a Louisiana limited liability company with its principal place of business in Belle Chasse, Louisiana. It is also known as, and at the time of the Incident was also doing business as, E.R.R. LLC. Evergreen Resource Recovery LLC was an operator of the Facility at the time of the Incident. It is listed as "Inactive" on the Secretary of State's registry.

8. Defendant Hugh Nungesser, Jr. is a managing member of E.R.R. LLC, a manager of Evergreen Resource Recovery LLC, and is and was an operator of the Facility at the time of the Incident. He directs the Facility's operations and is involved in environmental permitting and waste discharge activities. He resides in this District.

## STATUTORY AND REGULATORY BACKGROUND

9. OPA Section 1002(a), 33 U.S.C. § 2702(a), provides that "each responsible party for . . . a facility from which oil is discharged, or which poses the substantial threat of a discharge of oil, into or upon the navigable waters or adjoining shorelines . . . is liable for the removal costs and damages specified in subsection (b) of this section [33 U.S.C. § 2702(b)] that result from such incident."

10. OPA Section 1001(7), 33 U.S.C. § 2701(7), defines "discharge" to mean "any emission (other than natural seepage), intentional or unintentional" and to include "spilling, leaking, pumping, pouring, emitting, emptying, or dumping[.]"

11. OPA Section 1001(9), 33 U.S.C. § 2701(9), defines "facility" to mean "any structure, group of structures, equipment, or device (other than a vessel) which is used for one or more of the following purposes: . . . storing, handling, transferring, processing, or transporting oil."

12. OPA Section 1001(14), 33 U.S.C. § 2701(14), defines "incident" to mean "any occurrence or series of occurrences having the same origin, involving one or more . . . facilities . . . resulting in the discharge or substantial threat of discharge of oil[.]"

13. OPA Section 1001(21), 33 U.S.C. § 2701(21), defines "navigable waters" as "the waters of the United States, including the territorial sea[.]"

14. OPA Section 1001(23), 33 U.S.C. § 2701(23), defines "oil" to mean "oil of any kind or in any form, including petroleum, fuel oil, sludge, oil refuse, and oil mixed with wastes other than dredged spoil[.]"

15. OPA Section 1001(27), 33 U.S.C. § 2701(27), defines "person" to mean an "individual, corporation, partnership, [or] association[.]"

16. OPA Section 1001(30), 33 U.S.C. § 2701(30), defines "remove" and "removal" to mean "containment and removal of oil or a hazardous substance from water and shorelines or the taking of other actions as may be necessary to minimize or mitigate damage to the public health or welfare, including, but not limited to, fish, shellfish, wildlife, and public and private property, shorelines, and beaches[.]"

17. OPA Section 1001(31), 33 U.S.C. § 2701(31), defines "removal costs" to mean "the costs of removal that are incurred after a discharge of oil has occurred or, in any case in

which there is a substantial threat of a discharge of oil, the costs to prevent, minimize, or mitigate oil pollution from such an incident[.]"

18. OPA Section 1001(32)(E), 33 U.S.C. § 2701(32), defines "responsible party" to include, "[i]n the case of an onshore facility (other than a pipeline), any person owning or operating the facility."

19. OPA Section 1001(26)(A)(ii), 33 U.S.C. § 2701(26)(A)(ii), defines "owner or operator" to mean, "in the case of an onshore or offshore facility, any person owning or operating such facility."

20. OPA Section 1002(b), 33 U.S.C. § 2702(b), provides that the "removal costs" referred to in Section 1002(a) of OPA, 33 U.S.C. § 2702(a), include "(A) all removal costs incurred by the United States . . . under subsection (c), (d), (e), or (*l*) of Section 1321 of this title [Section 311 of the Clean Water Act, 33 U.S.C. § 1321]. . .; and (B) any removal costs incurred by any person for acts taken by the person which are consistent with the National Contingency Plan [40 C.F.R. Part 300 ("NCP")]."

21. Pursuant to OPA Section 1012(a)(4), 33 U.S.C. § 2712(a)(4), the Fund is authorized to reimburse persons, including OSROs, for uncompensated removal costs determined to be consistent with the NCP. The Fund is administered by the Coast Guard's National Pollution Funds Center ("NPFC") and financed in part by recoveries from responsible parties.

22. OPA Section 1013(e), 33 U.S.C. § 2713(e), authorizes the promulgation of regulations for the presentation, filing, processing, settlement and adjudication of OPA claims

against the Fund. Pursuant to this authority, the Coast Guard has promulgated regulations establishing claims procedures, codified at 33 C.F.R. Part 136.

23. OPA Section 1012(f), 33 U.S.C. § 2712(f), provides that "[p]ayment of any claim . . . by the Fund under this Act shall be subject to the United States Government acquiring by subrogation all rights of the claimant . . . to recover from the responsible party."

24. OPA Section 1015(a), 33 U.S.C. § 2715(a), provides further that "[a]ny person, including the Fund, who pays compensation pursuant to this Act to any claimant for removal costs . . . shall be subrogated to all rights, claims, and causes of action that the claimant has under any other law."

25. OPA Section 1015(c), 33 U.S.C. § 2715(c), provides that the United States, in an action brought under that Section, may seek "any compensation paid by the Fund to any claimant pursuant to this Act, and all costs incurred by the Fund by reason of the claim, including interest (including prejudgment interest), administrative and adjudicative costs, and attorney's fees."

## GENERAL ALLEGATIONS

### A. The Incident

26. The Facility is an oily wastewater storage and treatment facility in Belle Chasse, Louisiana. The Facility is located on the banks of the Mississippi River southeast of New Orleans at mile marker 74. The Facility consists of a series of fixed and portable transfer lines, storage tanks, and treatment equipment with an outfall pipe into the river. Oily waste materials are brought to the Facility by trucks, barges, and other vessels.

27. On the night of May 12, 2015, one or more of Defendants' representatives observed oil in the river at the Facility's dock. Contrary to the requirements of the Clean Water Act, 33 U.S.C. § 1321(b)(5), Defendants did not report the oil discharge to the United States.

28. Hours later, a downstream facility notified the Coast Guard of the presence of oil in the river. The Coast Guard responded and observed approximately one mile of oil contamination in the river and along the shoreline, including heavy oiling at the shoreline of Defendants' Facility.

29. The Coast Guard investigated potential sources of the oil spill and determined that the spill originated at Defendants' Facility.

30. Defendants engaged their OSRO, Oil Mop, to conduct removal operations to clean up the oil spill pursuant to an existing contract. Beginning on May 13, 2015, Oil Mop performed the work using cleanup personnel, boat assets, and boom to remove oil and contaminated soil from the river and the Facility's shoreline.

31. The Coast Guard collected samples of the oil in the river and in the Facility's storage tank. The laboratory analytical results show that the oil in the river matches the oil in the tank.

32. The Coast Guard also investigated and ruled out other potential sources of the oil, including a tug boat and barge that were at the Facility on the night of May 12, 2015 offloading oily waste from the barge to the Facility.

### B.     The Coast Guard's Costs and Demands for Payment

33.     Oil Mop submitted its bill to Defendants on July 22, 2015 in the amount of $793,228.74. Defendants did not pay the bill.

34.     Oil Mop presented its claim to the NPFC in the amount of $651,676.26 on November 16, 2015. The NPFC sent Defendants a Responsible Party Notification letter on November 25, 2015, notifying Defendants of Oil Mop's claim.

35.     The NPFC adjudicated Oil Mop's claim. During the adjudication process Oil Mop reduced its claim to $631,228.74. Ultimately, the NPFC determined that the allowed claim was $631,228.74. Oil Mop accepted the offer and payment was issued on March 22, 2016. As part of the acceptance agreement, Oil Mop assigned, transferred, and subrogated all, rights, claims, interests and rights of action to the United States. The NPFC incurred $1,033.75 in costs to adjudicate Oil Mop's claim, bringing the Fund's total costs with respect to the removal action through the date of payment to Oil Mop to $632,262.49.

36.     On September 7, 2016, the NPFC issued a Notice of Potential Liability to Evergreen Resource Recovery. In the absence of a reply the NPFC also sent a Notice to E.R.R. LLC on July 26, 2017. No reply was received. Next, the NPFC issued a bill to E.R.R. LLC to pay the full amount in October 2017. A bill was also sent to Hugh Nungesser, Jr. in February 2019. No one has reimbursed the Fund for any of the $632,262.49 in removal costs incurred by the United States.

## LEGAL CONTENTIONS SUPPORTING CLAIMS FOR RELIEF

37. Defendants are each a "person" within the meaning of Section 1001(27) of OPA, 33 U.S.C. § 2701(27).

38. The Facility, including the oily wastewater storage tank, is a "facility," and was a "facility" at the time of the Incident, within the meaning of Section 1001(9) of OPA, 33 U.S.C. § 2701(9).

39. E.R.R. LLC is the owner and was the owner of the Facility at the time of the Incident within the meaning of Section 1001(26)(A)(ii) of OPA, 33 U.S.C. § 2701(26)(A)(ii), and Section 1001(32)(B) of OPA, 33 U.S.C. § 2701(32)(B), and is a "responsible party" within the meaning of Sections 1002(a) and 1001(32) of OPA, 33 U.S.C. §§ 2702(a) and 2701(32).

40. Defendants were at the time of the Incident "operators" of the Facility within the meaning of Section 1001(26)(A)(ii) of OPA, 33 U.S.C. § 2701(26)(A)(ii), and Section 1001(32)(B) of OPA, 33 U.S.C. § 2701(32)(B), and are "responsible parties" within the meaning of Sections 1002(a) and 1001(32) of OPA, 33 U.S.C. §§ 2702(a) and 2701(32).

41. The discharge of oil into the Mississippi River was a "discharge" of "oil" into "navigable waters" and adjoining shorelines as those terms are defined in Section 1001(7) of OPA, 33 U.S.C. § 2701(7) ("discharge"), Section 1001(23) of OPA, 33 U.S.C. § 2701(23) ("oil"), and Section 1001(21) of OPA, 33 U.S.C. § 2701(21) ("navigable waters").

42. The actions described above were "removal" actions within the meaning of Section 1001(30) of OPA, 33 U.S.C. § 2701(30).

43. The money paid or costs incurred by the Fund for the Coast Guard's removal action conducted in response to the release of oil from the Facility were "removal costs" within the meaning of Section 1001(31) of OPA, 33 U.S.C. § 2701(31), and Section 1002(b)(1) of OPA, 33 U.S.C. § 2702(b)(1).

44. The money paid by the Fund to reimburse Oil Mop pursuant to OPA Section 1012(a)(4), 33 U.S.C. § 2712(a)(4), were for removal actions taken by Oil Mop that were consistent with the National Contingency Plan, 40 C.F.R. Part 300 *et seq*. The amount incurred to adjudicate Oil Mop's claim are recoverable costs under OPA Section 1015(c), 33 U.S.C. § 2715(c).

45. As a result of the actions described above and the reimbursement to Oil Mop, the Fund has incurred $632,262.49 in unreimbursed removal costs for the Incident.

**FIRST CLAIM FOR RELIEF**
**LIABILITY OF DEFENDANTS FOR**
**REMOVAL COSTS UNDER OPA SECTION 1002(a)**

46. As owners and/or operators of the Facility from which oil was discharged into navigable waters and adjoining shorelines, Defendants are liable, jointly and severally, to the United States under Section 1002(a) of OPA, 33 U.S.C. § 2702(a), for $632,262.49 in removal costs paid or incurred by the Fund as a result of the discharge of oil from the Facility in connection with the Incident.

## SECOND CLAIM FOR RELIEF
## LIABILITY OF DEFENDANTS FOR REMOVAL COSTS UNDER OPA SECTIONS 1012 AND 1015

47. In the alternative, in accordance with OPA Sections 1012(f) and 1015, 33 U.S.C. §§ 2712(f) and 2715, and pursuant to the terms of Oil Mop's acceptance of payment of its claim under OPA Section 1012(a)(4), 33 U.S.C. § 2712(a)(4), Defendants are liable, jointly and severally, to the United States for $632,262.49 in compensation paid by the Fund to Oil Mop pursuant to OPA and in adjudication costs incurred by the Fund, and all costs incurred by the Fund by reason of this claim, including interest (including prejudgment interest), administrative costs and attorney's fees.

## REQUEST FOR RELIEF

WHEREFORE, The United States respectfully requests that this Court:

(1) Enter a judgment of joint and several liability against Defendants and in favor of the United States, in the amount of $632,262.49, plus all costs incurred by the Fund by reason of this claim, including interest (including prejudgment interest), administrative costs, and attorney's fees; and

(2) Grant such other relief as may be appropriate.

Respectfully submitted,

FOR THE UNITED STATES OF AMERICA:

KAREN DWORKIN
Deputy Section Chief
Environmental Enforcement Section

- 11 -

Environment and Natural Resources Division
United States Department of Justice
Washington, D.C.

*/s/ Jason T. Barbeau*
JASON T. BARBEAU
Senior Trial Attorney (D.C. Bar No. 468200)
United States Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044
(202) 616-8908 (telephone)
(202) 616-6584 (facsimile)
jason.barbeau@usdoj.gov

PETER G. STRASSER
United States Attorney
Eastern District of Louisiana

BROCK D. DUPRE
Assistant United States Attorney
LA Bar Roll No. 28563
650 Poydras Street, Ste. 1600
New Orleans, LA 70130
Office: (504) 680-3005
Facsimile: (504) 680-3184
Brock.dupre@usdoj.gov

OF COUNSEL:

PATRICIA KINGCADE
Attorney Advisor
National Pollution Funds Center, US Coast Guard
2703 Martin Luther King Jr. Avenue SE
Washington, DC 20593

LT GLENN N. GRAY, USCG
U.S. Coast Guard Headquarters
Office of Claims and Litigation (CG-LCL)
2703 Martin Luther King Jr. Avenue, SE, Stop 7213
Washington, DC 20593-7213

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

### DEFENDANTS
E.R.R. LLC, Evergreen Resource Recovery LLC, and Hugh Nungesser, Jr.

(b) County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Plaquemines Parish
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Jason Barbeau, Senior Trial Attorney
U.S. Dept. of Justice, ENRD-EES
Box 7611, Washington, DC 20044-7611 (202-616-8908)

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question *(U.S. Government Not a Party)*
☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☒ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Oil Pollution Act, 33 U.S.C. 2701 et seq.
Brief description of cause:
Cost recovery action on behalf of U.S. Coast Guard for removal costs related to oil spill at defendant's facility

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** _____
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE  March 13, 2019
SIGNATURE OF ATTORNEY OF RECORD   Jason T. Barbeau

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Louisiana

| | ) |
|---|---|
| United States of America | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No. 2:19-cv-2340 |
| E.R.R. LLC, Evergreen Resource Recovery LLC, and Hugh Nungesser, Jr. | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* E.R.R. LLC
9875 Highway 23
Belle Chasse, LA 70037

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Jason T. Barbeau
Senior Trial Attorney
United States Department of Justice
ENRD/EES
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044-7611

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____   _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 2:19-cv-2340

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

 ❐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

 ❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

 ❐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)*   E.R.R. LLC _____
on *(date)* _____ ; or

 ❐ I returned the summons unexecuted because _____ ; or

 ❐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

                      *Server's signature*

                      *Printed name and title*

                      *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Louisiana

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No.  2:19-cv-2340 |
| E.R.R. LLC, Evergreen Resource Recovery LLC, and Hugh Nungesser, Jr. | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Evergreen Resource Recovery LLC
9875 Highway 23
Belle Chasse, LA 70037
or
3201 General DeGaulle Drive, Suite 200
New Orleans, LA 70114

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Jason T. Barbeau
Senior Trial Attorney
United States Department of Justice
ENRD/EES
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044-7611

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 2:19-cv-2340

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* Evergreen Resource
Recovery LLC on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of Louisiana

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. 2:19-cv-2340 |
| E.R.R. LLC, Evergreen Resource Recovery LLC, and Hugh Nungesser, Jr. | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Hugh Nungesser, Jr.
E.R.R. LLC
9875 Highway 23
Belle Chasse, LA 70037

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Jason T. Barbeau
Senior Trial Attorney
United States Department of Justice
ENRD/EES
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044-7611

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____  _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 2:19-cv-2340

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: